# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

No. 11-60501
Summary Calendar

Lyle W. Cayce
Clerk

ERNESTO ANTONIO ROQUE BONILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088-836-950

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ernesto Antonio Roque Bonilla (Roque), a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's order denying his request for withholding of removal. Roque contends that he is entitled to withholding of removal because of past persecution and the likelihood of future persecution on account of his membership in particular social groups consisting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of bus owners and drivers who work with the local police to combat criminal gangs and to dissuade local youth from violence.

Because Roque did not appeal to the BIA the IJ's conclusion that any asylum application would be untimely, he did not exhaust that claim and this court may not review it. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). In addition, although Roque did raise his CAT claim before the BIA, he has abandoned it by failing to raise it in his petition for review. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir. 2003).

To qualify for withholding of removal, an alien must show that it is more likely than not that his life or freedom would be threatened by persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A). To establish persecution based on membership in a particular social group, an alien must show that he is "a member of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006) (internal quotation marks and citation omitted).

Even under a de novo standard of review, we conclude that Roque has not shown that members of either group share a common immutable characteristic that they cannot or should not be required to change. *See Mwembie,* 443 F.3d at 414-15; *In re Acosta,* 19 I. & N. Dec. 211, 234 (BIA 1985). Thus, we uphold the BIA's determination that Roque failed to establish that he was a member of a particular social group so as to qualify for withholding of removal.

The petition for review is DENIED.